In the Matter of **FINANCIAL COMPUTER SYSTEMS, INC., a California corporation, Debtor.**

**EQUITABLE LEASING CO.,**
Respondent-Appellant,

v.

**Richard CLEMENTS, Trustee-Appellee.**

No. 25628.

United States Court of Appeals, Ninth Circuit.

Feb. 5, 1973.

Rehearing Denied March 15, 1973.

James B. Bertero (argued), Bruce E. Clark, of Musick, Peeler & Garrett, Stephen R. Wolfson, of Tiernan & Moneymaker, Los Angeles, Cal., for respondent-appellant.

Donald Rothman (argued), of Sulmeyer, Kupetz & Alberts, A. J. Bumb, Los Angeles, Cal., for trustee-appellee.

Before ELY, HUFSTEDLER, and WRIGHT, Circuit Judges.

ELY, Circuit Judge:

Equitable Leasing Company sought reclamation, in bankruptcy proceedings, of two air conditioning units in the possession of the bankrupt's trustee under

an alleged lease agreement. The trustee refused to turn over the two units, claiming contrary to the express provisions of the written contract, that the alleged lease was a security agreement, and, as such, void because of the failure of Equitable to file a financing statement with the Secretary of State. Cal. Comm.Code § 9302.

At the referee's hearing the trustee was allowed, over strenuous objection by Equitable, to introduce oral evidence that clearly contradicted the written terms of the otherwise complete and unambiguous lease agreement. The contested evidence suggested that an oral option had been granted by Equitable to Financial (the bankrupt) enabling the now bankrupt lessee to purchase the air conditioning units upon termination of the lease for $1,094.00.

Equitable objects that this oral evidence was inadmissible under the provisions of the California Commercial Code § 2201 and the parol evidence rule. Equitable also contends, secondly, that it was error to conclude that the written agreement was a conditional sales contract and not a straight lease; thirdly, that it was error to give effect to the alleged oral option to purchase because such an agreement violates the statute of frauds, Cal.Comm.Code § 2201 and Cal.Civ.Code § 1624(1); and finally, that the referee erred in not applying the doctrine of offset after it had been stipulated by the parties that there were rentals due Equitable under the terms of the lease.

Since we conclude that the admission of the contested oral evidence violated the Commercial Code we do not reach Equitable's additional assignments of error.

Cal.Comm.Code § 2201(1) (West 1964) provides:

"Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing."

The comment following this code section recites that:

"Only three definite and invariable requirements as to the memorandum are made by this subsection. First, it must evidence a contract for the sale of goods; second, it must be 'signed', a word which includes any authentication which identifies the party to be charged; and third, it must specify a quantity."

The lease contract, which was the only memorandum or writing offered into evidence, contains no mention of an option to purchase the two air conditioning units. To the contrary, the written agreement clearly and expressly provides for a straight lease with ownership remaining with Equitable at all times:

"a. 'The personal property hereby leased (hereinafter called the Property) shall at all times remain and be the sole and exclusive property of Lessor, and Lessee shall have no right or title therein, . . . .'

"b. Paragraph 5—'At the expiration of the lease period or termination of the lease pursuant to the provisions hereof, Lessee will return the property to lessor in as good condition as received less normal wear, tear and depreciation.'

"c. Paragraph 11. 'This lease constitutes the entire understanding of the parties and shall not be altered or amended except by an agreement in writing signed by the parties hereto.' "

Financial argues, however, that § 2201(1) of the Commercial Code is inapplicable because evidence of the oral option to purchase was introduced only to

prove that the agreement was a security device and not a lease. The trustee thus argues that there was no attempt to "enforce" the option. We disagree. By its terms § 2201 of the Commercial Code applies to agreements to sell regardless of whether enforcement is sought "by way of action or defense." As a result of the introduction of Financial's oral evidence the trustee was able to exercise the very power it claims under the alleged purchase option agreement: the power to defeat Equitable's reclamation action and to relegate Equitable's claim in the air conditioning units to the position of an unperfected security interest. In our view this was "enforcement" of Financial's rights under the alleged oral agreement, and as such it was improper in the absence of "some writing sufficient to indicate that a contract for sale has been made between the parties. . . ." Cal.Comm.Code § 2201.

Reversed.